UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRADLEY WHEELER,<br><br>     Petitioner,<br><br>v.<br><br>WARDEN ALICIA CARVER; CORRECTIONAL OFFICERS WORKING ON UNIT G; DEPUTY WARDEN NICODEMUS; B. CROCKETT; GOVERNOR BRAD LITTLE; ALL OFFICES OF STATE OF IDAHO; JUDGE ORE; JUDGE AMES; JUDGE PETTY; ALL IDAHO STATE POLICE; CANYON COUNTY SHERIFF KIERAN DONOHUE; and ALL CANYON COUNTY SHERIFF'S DEPUTIES,<br><br>     Respondents. | Case No. 1:26-cv-00024-AKB<br><br>**INITIAL REVIEW ORDER** |

  Pending before the Court is Petitioner Bradley Wheeler's Petition for Writ of Habeas Corpus. This case is Petitioner's latest of many cases in which he has challenged the same Idaho state court conviction. *See Wheeler v. Ross*, No. 1:24-cv-00586-BLW (D. Idaho, filed Dec. 5, 2024); *Wheeler v. Petty*, No. 1:24-cv-00593-DCN (D. Idaho, filed Dec. 9, 2024); *Wheeler v. Petty*, No. 1:24-cv-00620-DCN (D. Idaho, filed Dec. 18, 2024); *Wheeler v. Petty*, No. 1:25-cv-00028-DCN (D. Idaho, filed Jan. 16, 2025); *Wheeler v. Petty*, No. 1:25-cv-00135-AKB (D. Idaho, filed March 10, 2025).

  The Court is required to review every habeas petition upon receipt to determine whether a petitioner may proceed. *See* Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

Case 1:26-cv-00024-AKB   Document 6   Filed 02/10/26   Page 2 of 4

A petition must be dismissed if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.

1. **Duplicative Habeas Claim**

Petitioner claims that he has been incarcerated past his full-term release date. *Pet*., Dkt. 1, at 5 ("Federal Judge Richard Eismin told me that I was not to spend 1 day past 18 months in prison on the persistent violator. I am at almost 3 years."). Petitioner has asserted this same claim in *Wheeler v. Ross*, No. 1:24-cv-00586-BLW, which remains pending.

As the Court noted in Petitioner's first habeas case, Petitioner's stated intention to file a habeas corpus case every week until he is released—notwithstanding that he already has a habeas petition pending in this Court challenging the same conviction—constitutes an abuse of process. *Wheeler v. Ross*, No. 1:24-cv-00586-BLW, Dkt. 5 at 3. Petitioner intends something similar in the instant case. *Pet.* at 5 ("I am going to continue to file until … I am released!!!"). Petitioner may not file serial habeas petitions challenging the same conviction when he already has such a petition pending. Accordingly, Petitioner's habeas claim is subject to dismissal as duplicative.

2. **Conditions-of-Confinement Claims**

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of confinement.") (internal quotation marks omitted). Conversely, a civil rights action under 42 U.S.C. § 1983 is the proper method of challenging, on constitutional grounds, a prisoner's conditions of confinement. *Id*. Therefore, "if a state prisoner's claim does not lie at the core of habeas corpus, it may not be brought in habeas corpus but must be brought, if at all," under 42

INITIAL REVIEW ORDER - 2

U.S.C. § 1983, the civil rights statute. *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (internal quotation marks and citations omitted).

In addition to claiming that he has been incarcerated past his full-term release date, Petitioner also asserts that the prison has been locked down without inmates having access to showers, trash disposal, or inside or outside recreation. *Pet*. at 5. The Petition also asserts that inmates are charged a fee to use a free television streaming service. *Id*. The remedy for such alleged violations would not be an immediate or speedier release from confinement, *see Preiser*, 411 U.S. at 500, but instead an award of monetary damages and/or an order requiring the cessation of unconstitutional activities. Because these claims "do[] not lie at the core of habeas corpus," they are not cognizable—meaning they cannot be heard—in this habeas case. *Nettles*, 830 F.3d at 931. Thus, Petitioner's conditions-of-confinement claims are subject to dismissal.[1]

## ORDER

**IT IS ORDERED:**

1. This case is **DISMISSED** without prejudice under Habeas Rule 4 because (1) the habeas claim in the Petition is duplicative of the claim asserted in *Wheeler v. Ross*, No. 1:24-cv-00586-BLW (D. Idaho), and (2) Petitioner's other claims challenge the conditions of Petitioner's confinement and, as such, are not cognizable in this habeas case.

---

[1] This case is not the first time the Court has explained to Petitioner the difference between habeas claims and conditions-of-confinement claims. *See Wheeler v. Ross*, No. 1:24-cv-00586-BLW, Dkt. 5 at 2–3 (D. Idaho Feb. 10, 2025); *Wheeler v. Petty*, No. 1:24-cv-00593-DCN, Dkt. 5 at 1 n.1 (D. Idaho March 20, 2025); *Wheeler v. Petty*, No. 1:25-cv-00135-AKB, Dkt. 6 at 2–3 (D. Idaho July 29, 2025); *Wheeler v. Petty*, No. 1:24-cv-00620-DCN, Dkt. 6 at 2–3 (D. Idaho Aug. 20, 2025); *Wheeler v. Petty*, No. 1:25-cv-00028-DCN, Dkt. 6 at 2 (D. Idaho Aug. 19, 2025).

2. If Petitioner intends to pursue his conditions-of-confinement claims, he may file a new, separate civil rights complaint. Forms for such complaints are available at the prison resource center.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11.

DATED: February 10, 2026

*Amanda K. Brailsford*
———————————————
Amanda K. Brailsford
U.S. District Court Judge